UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROY ALLEN BURCH )
)
v. ) No. 2:06-CV-45
) No. 2:06-CV-60
JIM WORTHINGTON )

# **MEMORANDUM OPINION**

These habeas corpus petitions brought under 28 U.S.C. § 2254 by a life-sentenced state prisoner acting *pro se* were consolidated and are now before the Court upon the respondent's unopposed motion to dismiss those petitions as untimely. (Doc. 12). In support of the motion, the respondent has also submitted portions of the relevant state court record. For the reasons below, the motion will be GRANTED and the petitions DISMISSED.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral relief.[1] The first circumstance is the one which applies to this case.

---

[1] Section 2244(d) provides, in relevant part:

(continued...)

Following his 1989 conviction for aggravated rape in Hawkins County, Tennessee, the petitioner filed a direct appeal, but the Tennessee Court of Criminal Appeals denied relief on December 6, 1990. *State v. Burch*, No. C.C.A. 130, 1990 WL 192687 (Tenn. Crim. App. Dec. 6, 1990). The petitioner did not carry an appeal to the state supreme court and, thus, the conviction would have become final in 1991. Because the petitioner's judgment became final on a date prior to the enactment of the AEDPA, the time for filing his § 2254 petition would expire on April 24, 1997, which is one year from the date the AEDPA was enacted. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999) (Habeas corpus petitioners whose state convictions were final on direct appeal prior to the effective date of the AEDPA have a one-year grace period, up to and including April 24, 1997, to file a § 2254 petition.).

These petitions were filed almost nine years later, on February 27 and March 21, 2006.[2] Thus, they are untimely under the AEDPA, unless something tolled the limitations period.

As noted previously, the limitations statute is tolled while a properly filed state petition for post-conviction or other collateral relief is pending. The petitioner filed two state post-conviction petitions; a state habeas corpus petition; a declaratory judgment action; and motion to recalculate his sentence. The first post-conviction proceeding has no effect

---

[1](...continued)

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

[2] Under the mailbox rule a petition is deemed to be filed when it is handed to the prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming prisoner's appeal to have been filed when it was delivered to prison officials for mailing). The mailing date, as reflected by the prison mail room stamp on the face of the respecive envelopes, was February 27 and March 21, 2006.

on the tolling mechanism in § 2244(d) because that proceeding concluded in 1992, before the AEDPA was enacted. *Burch V. State*, No. 03C01-9202-CR-00053, 1992 WL 184946 (Tenn. Crim. App. Aug. 5, 1992), *permission to app. denied* (Tenn. 1992).

The AEDPA's one-year clock began ticking on April 24, 1996 and stopped 106 days later when the petitioner filed a state habeas corpus action on August 8, 1996. His state petition remained pending until October 19, 1998, *Burch v. State*, No. 03C01-9610-CR-00391, 1998 WL 15155 (Tenn. Crim. App. Jan. 16, 1998), *permission to app. denied* (Tenn. 1998), when the state's highest court declined further review. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

The petitioner's next filing was a petition for a declaratory judgment, in which he sought to be resentenced. This petition, which was filed on July 25, 1997, while his habeas corpus case was on appeal, concluded on June 21, 1999, when the Tennessee Supreme Court denied permission to appeal. *Burch v. Tennessee Dept. of Correction*, 994 S.W.2d 137 (Tenn. Crim. App.), *permission to app. denied* (Tenn. 1999).

On December 4, 1997, while his state habeas corpus petition and declaratory judgment action were still pending, the petitioner filed a motion to recalculate his sentence. This proceeding terminated on March 15, 1999, the date the Tennessee Supreme Court refused to permit him to appeal. *Burch v. State*, No. 03C01-9801-CC-00033, 1998 WL 667886 (Tenn. Crim. App. Sept. 24, 1998), *permission to app. denied* (Tenn. 1999).

Because there was no longer pending in the state courts a petition for post-conviction or other collateral relief, the dismissal of the petitioner's state habeas corpus application on June 21, 1999, restarted the running of the AEDPA's clock. The clock ran for two-hundred, fifty-nine more days, i.e., on March 8, 2000, before it stopped ticking.

The petitioner's last state court submission was a post-conviction petition, filed on

September 4, 2004.  *Burch v. State*, No. E2004-02365-CCA-R3-PC, 2005 WL 1584370,* 1 (Tenn. Crim. App. July 7, 2005).  This petition cannot toll the statutory time clock because, at the time of filing, there was no time left to toll.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (citation omitted).

Accordingly, because the statute of limitations for filing a § 2254 petition would have expired as to the petitioner on March 8, 2000, these § 2254 petitions, filed almost five years later (i.e., February 26 and March 21 of 2005), is  untimely.

For this reason, a separate order will issue GRANTING the respondent's motion and DISMISSING these habeas corpus petitions as time-barred under § 2244(d).

ENTER:

        s/ Leon Jordan
United States District Judge